

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

June 7, 1962

Mr. R. L. Lattimore  
Criminal District Attorney  
Hidalgo County  
Edinburg, Texas

Dear Mr. Lattimore:

Opinion No. WW-1354

Re: Whether the fact situation presented comes within Article 432, Vernon's Penal Code, concerning nepotism.

You have requested an opinion from this office upon whether the provisions of Article 432, Vernon's Penal Code, are applicable to the following fact sutiation:

"On May 4, 1961, the Mercedes Independent School District and the City of Mercedes entered into a contract for a joint taxing office. In the contract there is a clause which states that the Board of Trustees of the Mercedes Independent School District will have complete control over the employees of the joint tax office. Thereafter, the Board of Trustees gave authority to the Tax Collector, who is also manager of the joint tax office, authority to hire additional personnel for the tax office.

"In July, 1961, the Tax Collector employed a woman as secretarial help, who, it was subsequently learned, is a first cousin of one of the members of the Board of Trustees of the Mercedes Independent School District.

"This woman's name was never presented to the Board for employment and the Board did not vote or confirm this appointment as such. The Mercedes Independent School District and the City of Mercedes share the bills of the joint tax office. The Board of Trustees does vote on the approval of their share of the bills of the joint tax office, a portion of which is the employee's salary."

Article 432 provides in part that:

"No officer of this State nor any officer of any district, county, city, precinct, school district, or other municipal subdivision of this State . . . shall appoint, or vote for, or confirm the

Mr. R. L. Lattimore, page 2   (WW-1354)

> appointment to any office, position, clerkship,
> employment or duty, of any person related with-
> in the second degree by affinity or within the
> third degree by consanguinity to the person so
> appointing or so voting, or to any other member
> of any such board . . . of which such person so
> appointing or voting may be a member, when the
> salary, fees, or compensation of such appointee
> is to be paid for, directly or indirectly, out
> of or from public funds or fees of office of
> any kind or character whatsoever; . . ."

In addition Article 433, Vernon's Penal Code, provides that:

> "The inhibitions set forth in this law shall
> apply to and include . . . public school trustees,
> . . ."

The provisions of Articles 2780, 2791, and 2792, Vernon's Civil Statutes, give to the Board of Trustees of an Independent School District broad discretionary powers as to the public schools within the district and to certain aspects of the assessment and collection of taxes for school purposes.

In the instant case the Board of Trustees has entered into a contract whereby a joint tax office will be operated by the independent school district and the City of Mercedes, and one of the conditions of such contract is that the Board of Trustees will have complete control over the employees of such joint tax office. While the Board of Trustees has delegated to the individual acting as assessor and collector of taxes for the independent school district the authority to hire personnel for the operation of such office, such delegation of authority is a discretionary act by the Board of Trustees and one which could be withdrawn or modified at any time.

In the case of _Aldine Independent School District v. Standley_, 154 Tex. 547, 280 S.W.2d 578 (1955), the Court stated that:

> "We think it apparent from a reading of the
> above statutes, that an assessor-collector of taxes
> appointed by a school board is not only not of equal
> power and privileges with the trustees; but, on the
> contrary, _is only an agent or employee of such school
> board_ at its discretion. . . ."   (Emphasis added).

In Attorney General's Opinion No. O-4686 (1942) this office had before it the question of whether the employment of a brother of a member of the Commissioners' Court by the Sheriff was in violation of Article 432. The Commissioners' Court had or was considering the passage of an order delegating to the Sheriff the authority to employ the various courthouse employees. While Attorney General's Opinion No. O-4686 (1942) recognized that the Commissioners' Court could delegate such authority it further held that:

> "If the Commissioners' Court through the sheriff as its agent employed a brother of one of the county commissioners as a janitor or other courthouse employee, such employment would be a direct and flagrant violation of Article 432, V.A.T.P.C."

Under the facts presented in the instant situation, we are of the opinion that the employment of an individual, who is a first cousin of a member of the Board of Trustees of the Mercedes Independent School District, as secretarial help in the joint tax office of the Mercedes Independent School District and the City of Mercedes, would be in violation of Article 432. The necessary elements to constitute a violation of Article 432 are all present. The secretary employed to work in the joint tax office is related to a member of the Board of Trustees within the prohibited degree; the employment of the secretary related to the member of the Board of Trustees will necessitate a portion of her compensation being paid from the public funds of the Mercedes Independent School District; and while the Board of Trustees of the Mercedes Independent School District have not actually appointed, voted for, or confirmed such employment by virtue of delegating this authority to another, this will not prevent there being a violation of Article 432 in view of the holding in Attorney General's Opinion No. O-4686 (1942).

## SUMMARY

Under the facts presented, the employment of a secretary by the joint tax office of the Mercedes Independent School District and the City of Mercedes who is a first cousin of a member of the Board of Trustees of the Mercedes Independent School District

would result in a violation of Article 432, Vernon's
Penal Code.

Yours very truly,

WILL WILSON
Attorney General of Texas

By *Pat Bailey*

Pat Bailey
Assistant

PB:wb

APPROVED:

OPINION COMMITTEE

W. V. Geppert, Chairman
Robert Patterson
Coleman Gay
W. O. Shultz

REVIEWED FOR THE ATTORNEY GENERAL

BY:  Leonard Passmore